## UNITED STATES of America

v.

## Teresa HODGE, Defendant.

## Criminal Case No. 03–133 RWT.

United States District Court,
D. Maryland.

June 5, 2006.

Bryan E. Foreman, Steven M. Dunne, Office of the U.S. Attorney, Greenbelt, MD, for United States of America.

## MEMORANDUM OPINION

TITUS, District Judge.

█ Teresa Hodge is currently on trial for fourteen counts of bank fraud, interstate transportation of property obtained by fraud, and money laundering; at the time of this opinion, the jury is deliberating after three weeks of trial. Hodge moves for a mistrial on the basis of a reference to Timothy McVeigh made during rebuttal closing argument by the Government.

The Government's contested remarks were as follows:

Intent is an issue in this case. Did she actually intend to rip these people off? And one of the things they have countered, they talk about her good character. I was sort of trying to figure out if I could bring you all an analogy, when individuals talk about somebody else's good character, how to put that in context. The thing that I kind of grapple with, I was trying to figure out, but one of the things that I did come up with is some of the sensational crimes that you hear about in the newspapers, and one of the sensational crimes I'm going to talk about is Timothy McVeigh.

At this point, defense counsel objected. After a bench conference, the Court sustained the objection and offered the following curative instruction:

Ladies and gentlemen, disregard the reference to Timothy McVeigh that was just made.

The prosecutor then continued:

Let's talk about character. Again, as you hear in the papers, you hear about individuals who have committed crimes. The first thing you hear is a friend or neighbor, What's the first thing they say? "I can't believe he did that. I can't believe she would have done that." That's what you hear all the time, and these are people who believe that they know the individual that they're talking about, and they believe in good conscience that that's a person of good character. That's the first thing they said. "I can't believe this person did that."

Hodge argues that "[t]he mere mention of the name Timothy McVeigh and a comparison to him and the defendant is improper and highly prejudicial,"[1] and that, moreover, the Government's continued argumentation that people are always surprised when their friends turn out to be criminals was improper and inseparable from the comment about McVeigh.

The Court, however, disagreed at the time that a mistrial is necessary, and continues to disagree now. Out of an abundance of caution, the Court sustained the objection and instructed the jury to disregard the reference to Timothy McVeigh. However, in context, the Court questions whether even that much was necessary. No reasonable juror could conclude that the Government meant to compare the gravity of Hodge's (admittedly serious) alleged crimes—all of which involved the acquisition of money through non-violent fraud—to McVeigh's mass murder, which was dramatically different in kind and degree. Rather, as its subsequent argument makes clear, the Government's intent was to cast doubt on the value of character evidence, by making reference to the common expression of surprise that many people share after their friend or neighbor

---

1. All agree that by "Timothy McVeigh," the prosecutor meant the perpetrator of the 1995 bombing of the Alfred P. Murrah Building in Oklahoma City, Oklahoma, which killed 168 people.

turns out to be a criminal based on conduct of which they have no knowledge. The Government simply intended to convey that people who testify to a defendant's good character may be unaware of a defendant's criminal side, and may lack a basis for concluding that a defendant is incapable of committing the charged crimes. This is not improper argument at all for closing argument in a case where the defendant's case relied heavily on character witnesses. McVeigh was, perhaps, an inappropriately charged example, but it was brief, passing, and immediately cured by this Court's instruction.

■ The Fourth Circuit has identified a number of factors to determine whether, under the totality of the circumstances, an inappropriate remark to the jury warrants a mistrial: "(1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters." *United States v. Harrison,* 716 F.2d 1050, 1052 (4th Cir.1983) (adopting factors announced in *United States v. Leon,* 534 F.2d 667, 679 (6th Cir.1976)). Here, all four factors favor the Government. First, as discussed above, the inflammatory reference to McVeigh was part of an otherwise proper argument, and, particularly in light of the immediate curative instruction, neither misled the jury nor prejudiced the accused. Second, the remarks were isolated, and were objected to and stricken as soon as the inflammatory words escaped the prosecutor's mouth. Third, although the Court will not (in advance of the jury verdict) express an opinion as to the strength of the Government's case, the strength was adequate to send the case to the jury without the reference to McVeigh, and the reference did not make the Government's case any stronger. Fourth, and finally, there is no indication that the comments were deliberate; McVeigh appears to have been chosen not to inflame the jury or because he is in any way comparable to Hodge, but because he was a high-profile defendant about whom all the jurors could be expected to have heard.

Accordingly, Hodge's motion for a mistrial will be denied by separate order.

## *ORDER*

Upon consideration of Defendant Teresa Hodge's Motion for Mistrial [Paper No. 180], the opposition thereto, and for the reasons stated in the accompanying memorandum opinion, it is this 5th day of June, 2006, by the United States District Court for the District of Maryland,

**ORDERED**, that Defendant Teresa Hodge's Motion for Mistrial [Paper No. 180] is **DENIED**.